IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSALINDA IBARRA, as the Special Administrix of the Estate of JORGE MARTINEZ, deceased, )<br>)<br>)<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHEYENNE LEE, SCOTT WALTON, Sheriff of Rogers County in his Official Capacity, and THE BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY, )<br>)<br>)<br>)<br>)<br>)<br>)<br>    Defendants. ) | Case No. 20-CV-598-TCK-JFJ |

**OPINION AND ORDER**

Before the Court is the Defendants' Scott Walton's, Sheriff of Rogers County in his official capacity, and the Board of County Commissioners of Rogers County's Partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 17). Plaintiff filed a Response (Doc. 27), and Defendants filed a Reply. (Doc. 30).

**I. BACKGROUND**

Plaintiff brings this action, pursuant to 42 U.S.C. §1983, against these Defendants and Deputy Cheyenne Lee. Plaintiff alleges that on the afternoon of March 13, 2020, Deputy Cheyenne Lee entered the home of Plaintiff's decedent, Jorge Martinez, "without warrant, consent, or justification, under the pretext of performing a wellness check on Martinez's children." Complaint ¶ 17. Plaintiff claims that after illegally entering her home, Deputy Lee confronted Jorge Martinez and when Jorge Martinez objected to Deputy Lee's presence, Deputy Lee proceeded to arrest Jorge Martinez. Deputy Lee then allegedly took Mr. Martinez to the ground and shot him resulting in Jorge Martinez's death.

Plaintiff further contends that Jorge Martinez was unarmed, had no weapons in his home and stood 5'4" and weighed 117 pounds. Deputy Lee was in excess of 6-foot-tall and weighed over 200 pounds and was fully armed when he approached Jorge Martinez who was standing in his bedroom. When Jorge Martinez realized that Deputy Lee had unlawfully entered his home, he requested that Deputy Lee leave the residence. Instead of leaving or retreating, Deputy Lee placed Jorge Martinez under arrest and shot him in the chest even though there was no immediate threat of death or serious bodily injuries to themselves or others. Complaint ¶¶ 17-26

According to the Complaint, at the time of the shooting, Deputy Lee gave no warnings or commands to the Decedent. Id. "The Decedent was lying on the floor on his back asking his mother to record what was happening on her cell phone. The Decedent's mother, Isidra Mitchell, looked on while attempting to focus her cell phone camera on her son who was underneath Deputy Lee when she heard the shot that ultimately killed her son." Id.

"Immediately prior to the shooting, Deputy Lee never considered or exhausted less than lethal alternatives, never attempted to deescalate the situation and was never faced with a situation which would cause any reasonable officer to think that there was immediate threat of death or serious bodily injuries. Deputy Lee simply shot Jorge Martinez dead without any reasonable basis or justification." Id.

Finally, Plaintiff alleges that "despite knowing that Jorge Martinez was seriously injured after being shot in the chest, Deputy Lee failed to timely initiate any emergency medical treatment or timely summon emergency medical responders to provide life-saving medical treatment to the Decedent. Complaint ¶ 24. As stated *supra*, the Decedent's mother witnessed the death of her son. The Decedent's two children also witnessed the death of their father. Complaint ¶ 26.

Plaintiff brings this suit on behalf of the estate of Jorge Martinez, alleging that Sheriff Scott Walton, in his official capacity, and the Rogers County Board of County Commissioners, are liable under 42 U.S.C. §1983 for: (1) failure to adequately train deputies; (2) establishing various unconstitutional customs, practices or policies, including failure to appropriately screen Deputy Lee prior to hiring, and failure to adequately supervise and discipline Deputy Lee; and (3) ratification of Deputy Lee's allegedly unconstitutional acts.

**II. MOTION TO DISMISS STANDARD**

A Complaint must contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Complaint must contain enough "factual matters, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted). The trial court must insist the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe [the] plaintiff has a reasonable likelihood of mustering factual support for [the] claims." *Id.* at 1247.

"The nature and specificity of the allegations required to state a plausible claim will vary based on the context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). A plaintiff is not entitled to file a bare bones complaint and fill in the necessary facts after discovery is complete. *London v. Beaty*, 612 Fed. Appx. 910, 916 (10th Cir. 2015). The trial court

must insist that the plaintiff put forward specific, non-conclusory factual allegations, to assist the court in determining whether the complaint is plausible. *Robbins*, 519 F.3d at 1249.

The final determination of whether a warrantless search was reasonable under the Fourth Amendment is a question of law. *United States v. Botero–Ospina*, 71 F.3d 783, 785 (10th Cir. 1995). In the context of § 1983 claims, "plausibility" refers to the scope of the allegations in the complaint. If they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations may be inadequate to overcome a motion to dismiss. *Id.* at 1247-48. Importantly, a complaint must present factual allegations that "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

### III. ANALYSIS

#### A. Sheriff Walton in his Official Capacity

Defendants contend Plaintiff's claims against Sheriff Walton in his official capacity are subsumed within the claims against the Rogers County Board of County Commissioners, and Plaintiff's claims against Sheriff Walton should be dismissed as redundant. The Court concurs and finds a suit against an official in his official capacity is the same as asserting a claim against the municipality or county the official represents. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010); see also, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015). Accordingly, Plaintiff's §1983 claims against Sheriff Scott Walton in his official capacity are dismissed.

#### B. Failure to Train / Supervise

Defendants also allege Plaintiff's claim for failure to train does not state a claim for municipality liability under 42 U.S.C. §1983. Plaintiff, however, contends that facts surrounding

4

the shooting death of Jorge Martinez demonstrate a lack of training of the Sheriff's deputies in the usage of lethal and nonlethal force. Complaint ¶ 61, 67. Specifically, Plaintiff alleges the Rogers County Sheriff failed to train his deputies "how to deescalate situations and to handle the usual and recurring situations involving citizen encounters, conducting welfare checks, entering private homes and otherwise interacting with citizens in situations which might possibly become confrontational." Complaint ¶ 61. Moreover, by citing examples of cases which allegedly involved Sheriff Walton's "failure to discipline, reprimand, retrain, suspend, or otherwise penalize deputies for taking actions in other instances," Plaintiff has sufficiently pled that the Rogers County policymakers failed to implement adequate training despite being on actual or constructive notice that its training program was inadequate. Id.

### C. Municipal Liability

Plaintiff's claim for municipal liability under 42 U.S.C. § 1983 (an unconstitutional custom, practice, or policy) also survives. Plaintiff claims the Defendants maintained various unconstitutional customs or practices concerning their use of unreasonable and unlawful deadly force. Complaint ¶ 71. "In order to impose liability on a municipality for the misdeed of its employees under 42 U.S.C. § 1983, a plaintiff must demonstrate 1) the existence of a municipal policy or custom by which the plaintiff was denied a constitutional right and 2) that the policy or custom was the moving force behind the constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 379 (1989); *Monell,* 436 U.S. at 694; see *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010); see *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). A "custom" has been defined to include acts which are not "formally approved by an appropriate decision maker" but have "such widespread practice as to have the force of law." *Carney v. City and County of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008).

To show an unconstitutional custom, practice, or policy, Plaintiffs need not present facts showing that similar conduct has repeatedly occurred in the past. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 fn. 11 (1986). Further, *Monell* liability may attach based on a policy of inaction that demonstrates deliberate indifference to constitutional rights. "The city's 'policy of inaction' in light of notice that its program will cause constitutional violations 'is the functional equivalent of a decision by the city itself to violate the Constitution.'" *Connick,* 563 U.S. at 61–62 (citing *Canton*, 489 U.S., at 395 (1989) (O'Connor, J., concurring in part and dissenting in part)).

Here, Plaintiff has also sufficiently pled allegations to support a claim for municipal liability pursuant to an unconstitutional custom or policy. Plaintiff alleges that the six prior cases cited in her Complaint are only a few examples of cases in which Rogers County failed to take any action in response to its deputies' and officers' use of excessive force and/or custom or policy to resort to use of force. Complaint ¶ 29(a)-(f). Further, Plaintiff contends there is no indication the municipality took any action in response to these deputies' previous conduct, and therefore it is reasonable to infer that such conduct "is in accordance with Rogers County's policy or custom concerning the use of deadly and excessive force in events such use of force is not warranted." Id.

The Complaint need only allege "the policy or custom itself… in general terms[,]" as "[i]t is a rare plaintiff who will have access to the precise contours of a policy or custom prior to having engaged in discovery, and requiring a plaintiff to plead its existence in detail is likely to be more than an exercise in educated guesswork." *Estate of Osuma v. Cty. Of Stanislaus*, 392 F. Supp. 3d 1162, 1174-75 (E.D. Cal. 2019).  Plaintiff alleges that here, unlike other municipal entities in this country, Rogers County does not post use of force related official policies on the Sheriff's office's website or publish Officer-Involved-Shooting reports on the District Attorney's office websites. "Accordingly, without such information readily available to the public or without going through

discovery, it is inevitably difficult for anyone to point at specific policy implemented by the county for *Monell* claims at the pleading stage." (Doc. 27 at 9). Therefore, Plaintiff alleges that the examples provided in her Complaint are sufficient to support a claim for an unconstitutional custom or policy.

Defendants contend in their Motion that Plaintiff fails to show an unconstitutional custom or policy. However, "deliberate indifference" may also "be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or a plainly obvious consequence of a municipality's action or inaction...." *Coffey v. McKinley Cty.*, 504 Fed. Appx. 715, 719 (10th Cir. 2012) (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1307–08 (internal quotation marks omitted)). In the instant case the Court finds the Plaintiff's Complaint sufficiently establishes a pattern of unconstitutional behavior by Rogers County, and also meets the burden of proof to establish deliberate indifference by Rogers County. Plaintiff may establish that Deputy Lee's alleged violation of Jorge Martinez's Constitutional rights was highly predictable as Deputy Lee works in an environment in which use of force is often necessary and may prove that Deputy Lee was not retrained, reprimanded or disciplined after this incident if it amounted to an excessive use of force.

### IV. CONCLUSION

The Court finds Plaintiff's Complaint meets the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has set forth factual allegations sufficient to show a constitutional violation. Accordingly, Defendants' Motion to Dismiss is granted in part and denied in part.

**IT IS SO ORDERED this 22nd day of July, 2021.**

TERENCE C. KERN
United States District Judge