# United States District Court
## for the Northern District of Oklahoma

Case No. 4:20-cv-598-JDR-SH

ROSALINDA IBARRA, *as the special administratrix of* THE ESTATE OF JORGE MARTINEZ, DECEASED,

*Plaintiff*,

*versus*

CHEYENNE LEE; THE BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY,

*Defendants*.

## OPINION AND ORDER

While serving a protective order, Deputy Cheyenne Lee of the Rogers County Sheriff's Office entered the home of Jorge Martinez. In the ensuing altercation, Deputy Lee fatally shot Mr. Martinez. Plaintiff Rosalinda Ibarra, special administratrix of the estate of Mr. Martinez, and Defendants Deputy Lee and the Board of County Commissioners of Rogers County have filed motions in limine in preparation for trial. Dkts. 66, 67.[1] Ms. Ibarra and Defendants oppose each other's motions. Dkts. 68, 69. The motions are granted in part, denied in part, and reserved for trial in part, as set forth below.

### I

Ms. Ibarra has filed seven motions in limine and seeks to exclude (a) evidence of Mr. Martinez's prior arrests, violence, tattoos, and drug use, (b) government determinations of the reasonability of Deputy Lee's actions, and

[1] All citations use CM/ECF pagination.

(c) information about the protective order. Dkt. 66. Defendants oppose all of the requested exclusions. Dkt. 69. The Court will consider each in turn.

A

Ms. Ibarra first moves to exclude "any reference to any prior criminal record, incarceration, arrests or interaction with law enforcement officers by" Mr. Martinez. Dkt. 66 at 9. She argues that this material is irrelevant because Deputy Lee knew nothing of Mr. Martinez's background, and it could not have affected his decision making during the incident. *Id.* at 9-10. She further objects that the material would be unduly prejudicial. *Id.* at 11. Defendants respond that Mr. Martinez's criminal record is relevant to numerous issues, including Ms. Ibarra's damages calculations for loss of companionship and lost income, the "threat level" posed by Mr. Martinez, and Mr. Martinez's motive to resist arrest. Dkt. 69 at 19-21. The Court agrees that Mr. Martinez's prior criminal history may be relevant to disputed issues at trial, particularly Ms. Ibarra's damages claim. The Court recognizes that the prejudicial effect of this evidence may, in some cases, exceed its probative value. But the Rule 403 analysis is best performed in the context of trial. The Court denies Ms. Ibarra's request for a blanket prohibition and reserves this issue for trial.

B

Ms. Ibarra next moves to exclude evidence of "any previous fights, altercations, acts of violence or threats involving" Mr. Martinez on the basis that their introduction would be both more prejudicial than probative and violate Federal Rule of Evidence 404(b)'s prohibition on character evidence. Dkt. 66 at 11. She also argues that these statements qualify as hearsay. *Id.* Ms. Ibarra does not identify any prior threats to which this prohibition would apply. Defendants respond that they seek to introduce only the statements made by Mr. Martinez to Sara Chapa, who sought the protective order Deputy Lee went to enforce. Dkt. 69 at 22. Defendants argue that Deputy Lee was aware Mr. Martinez had threatened and assaulted Ms. Chapa when he went to serve the protective order, and his knowledge is relevant to the jury's determination

of whether Deputy Lee's actions were "'objectively reasonable' in light of the facts and circumstances confronting [him]." *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (quoting *Graham v. Connor*, 490 U.S. 386, 387 (1989)); Dkt. 69 at 22.

The Court agrees with the Defendants. Deputy Lee's knowledge of Mr. Martinez's previous conduct is relevant to the reasonableness of his choices at the time of the altercation. The statements are also not excludable as hearsay because they are not offered to show Mr. Martinez actually threatened or assaulted Ms. Chapa, but to show Deputy Lee's state of mind during the altercation. *Meek v. Martin*, 450 F. Supp. 3d 1232, 1253 (E.D. Okla. 2020), *aff'd*, 74 F.4th 1223 (10th Cir. 2023) (Finding that "state of mind [is] a firmly established exception to the inadmissibility of hearsay."). The Court will permit this testimony.

C

Ms. Ibarra next objects to "any reference to any determination by [a government entity] that the shooting death of [Mr.] Martinez was justified, reasonable or within policy" as hearsay. Dkt. 66 at 12. She further argues that those reports are irrelevant and more prejudicial than probative. *Id.* at 12-13. The Defendants argue that the documents are admissible as public records under Federal Rule of Evidence 803(8). Dkt. 69 at 24-25.

For a document to be admissible as a public record, it must conform to Rule 803(8)'s requirements to be a public record:

> A record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law enforcement personnel; or (iii) **in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation**; and (B) the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness.

(emphasis added). The materials in question are factual findings from multiple legally authorized investigations by the Rogers County Sheriff's Office, Oklahoma State Bureau of Investigation, and the Rogers County District Attorney's Office, and Ms. Ibarra has not shown any evidence indicating a lack of trustworthiness. The materials are admissible under Rule 803(8).

Although the reports themselves may be admissible, a hearsay-within-hearsay issue remains because both provided reports are based on testimony of and contain statements from Deputy Lee, Isidra Mitchell, and Maria Martinez. Dkt. 66-2; Dkt. 66-3. Those statements do not independently qualify under the public records exception in Rule 803(8) and are properly analyzed under Rule 803(6). *United States v. DeLeon*, 316 F. Supp. 3d 1303, 1306 (D.N.M. 2018) (excluding investigative report in its entirety due to hearsay-within-hearsay not admissible under Rule 803(6)). Rule 803(6) permits admitting hearsay evidence if the declarant "was reporting the information in the regular course of regularly conducted activity." *Id.* at 1307. Neither party has presented evidence that Deputy Lee, Ms. Mitchell, or Ms. Martinez regularly provides testimony to internal police investigations, and so the hearsay within the materials is inadmissible under Rule 803(6).

The Court also finds that admitting multiple summaries of police internal investigations is likely to confuse and prejudice the jury, while the documents have little independent probative value. The Court also notes that the documents would provide cumulative testimony. The Court will exclude these documents in their entirety but permit witness testimony to the conclusions of the investigations.

D

Ms. Ibarra next moves to exclude any references to communications with Judge Stephen Pazzo regarding the service of the protective order. She argues that the evidence, which includes text messages between Judge Pazzo and an Undersheriff, is hearsay and irrelevant to the case. Dkt. 66 at 14-15.

Defendants argue that the messages and accompanying order are not hearsay because they are not offered to prove the truth of the matter asserted and "are relevant to the timing of the service of the protective order." Dkt. 69 at 26.

The Court will reserve this matter for trial. The text messages and order provided by Ms. Ibarra are not clearly relevant but are also not clearly irrelevant. Dkt. 66-5. There is little indication of exactly how this evidence would be used at trial and what disputed matter the evidence would be relevant to. The admissibility of this evidence is best assessed in the context of trial.

E

Ms. Ibarra next moves to exclude any testimony about the "source, origin or meaning" of any of Mr. Martinez's tattoos. She argues that this evidence would be more prejudicial than probative. Dkt. 66 at 16. Defendants argue the tattoos are probative. Instead, they contend Ms. Ibarra's request to prohibit "any testimony, questions or arguments" about the tattoos is overbroad and would preclude accurate expert witness testimony about potential bruising—or lack thereof—on Mr. Martinez's hands. Dkt. 69 at 27.

The Court concurs with Ms. Ibarra that any in-depth discussion about the source, origin, or meaning of Mr. Martinez's tattoos would be irrelevant and unduly prejudicial. The Court will grant Ms. Ibarra's motion and prohibit any testimony, questions, or argument about Mr. Martinez's tattoos except as it pertains to photographs of Mr. Martinez or the expert's medical testimony.

F

Ms. Ibarra next argues that any evidence about Mr. Martinez's use of drugs or alcohol is irrelevant and prejudicial. Dkt. 66 at 16-18. Defendants contend that (a) Mr. Martinez's drinking and use of methamphetamine is relevant to the issuance of the protective order, (b) Ms. Ibarra has alleged that Mr. Martinez "may have been crashing from a drug high" and evidence about

Mr. Martinez's use of drugs and alcohol will be needed for rebuttal, and (c) Mr. Martinez's "inebriation" may "explain[] his aggressive and resistive conduct." Dkt. 69 at 27-29.

The Court finds that Ms. Ibarra's motion is overbroad. Deputy Lee's knowledge of Mr. Martinez's use of drugs prior to and at the time of the altercation is relevant to the reasonableness of his conduct. *Endicott v. Choctaw Cnty. City of Hugo Hosp. Auth.*, No. 21-cv-319-RAW, 2025 WL 1505419, at *2 (E.D. Okla. May 27, 2025) (allowing evidence of prior use of drugs in wrongful death case when relevant to both defenses and damages calculation). Further, as Ms. Ibarra opened the door to the issue of Deputy Lee's knowledge of Mr. Martinez's drug use in her summary judgment briefing, the Court is unwilling to close it completely at trial. Dkt. 69 at 29. Ms. Ibarra may object to the admissibility of particular evidence of Mr. Martinez's drug use at trial. *See Aguilar v. City of Los Angeles*, No. CV 17-4382-CBM-MRW, 2018 WL 10017337, at *2 (C.D. Cal. Oct. 2, 2018) (permitting evidence of decedent's drug use at the time of death but excluding prior drug use as more prejudicial than probative).

G

Last, Ms. Ibarra argues that the petition for the protective order and the protective order itself should be excluded on the basis that Deputy Lee did not see the petition nor know its contents at the time of the altercation. Dkt. 66 at 18-19. Defendants respond that the petition is relevant to Deputy Lee's knowledge prior to the incident, Ms. Ibarra's unlawful arrest and damages claims, and Mr. Martinez's motive for resisting arrest. Dkt. 69 at 29-31.

Defendants' argument regarding the petition is unavailing. They do not rebut Ms. Ibarra's objection that Deputy Lee was not aware of the contents of the petition and had not read it at the time of the altercation. *Id.* at 29-30. All the information that Defendants claim Deputy Lee was aware of came from sources other than the petition itself, and Deputy Lee can

independently testify about his personal knowledge at trial. *Id.* The petition is unnecessary, cumulative, and lacks probative value.

The protective order itself may be relevant to Defendants' rebuttal of Ms. Ibarra's claim for loss of consortium between Mr. Martinez and his family. The Court will reserve ruling on Ms. Ibarra's motion to exclude for trial.

II

Defendants have filed nine motions in limine. Dkt. 67. Of those, four relate to evidence solely supporting Ms. Ibarra's *Monell* claims. *Id.* at 1-2, 3-5, 6-7, 8.[2] As Ms. Ibarra did not include these claims in the most recent Joint Status Report, the Court finds these claims are no longer active and will grant the motions to exclude. The Court will consider the remaining five motions in turn.

A

Defendants move to exclude photos of Mr. Martinez, his family, and his children as irrelevant. Dkt. 67 at 5-6. Although the Tenth Circuit has not found reversible error in permitting the display of pre-death photos of murder victims with their families in criminal cases, see *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006), this is not a criminal homicide. And even in *Pettigrew* the court of appeals "admonish[ed] the Government" for its decision to display a photo of the decedent with her family. *Id.* The Court will exclude the photos of Mr. Martinez's family and children and will reserve its decision on the photo of Mr. Martinez himself for trial.

B

Next, Defendants move to exclude unidentified "portions" of Deputy Lee's personnel file. Dkt. 67 at 6. Ms. Ibarra responds that she intends to offer

---

[2] These motions are to exclude evidence about (a) a subsequent police shooting involving Deputy Lee [Dkt. 67 at 1-2], (b) nine prior use-of-force incidents by Rogers County Sheriff's Office deputies [*Id.* at 3-5], (c) the Rogers County Sheriff's Office manual of policies and procedures [*Id.* at 6-7], and (d) the Rogers County Sheriffs' Office's review and investigation of the shooting [*Id.* at 8].

records showing that Deputy Lee did not receive training on the use of deadly force. Dkt. 68 at 13. Neither party attached the objected-to documents to their motions or provided the Court with a docket citation identifying the challenged evidence. The Court cannot determine the relevance of information without reviewing it and will reserve this matter for trial.

C

Defendants next move to exclude "any testimony that there were less forceful options available to Deputy Lee" as irrelevant. Dkt. 67 at 9. Defendants argue that "the clearly established law in the Tenth Circuit holds that the Fourth Amendment does not require an officer to use the least or a less forceful alternative" in an altercation. *Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1229 (D.N.M. 2011) (citing *Blossom v. Yarbrough*, 429 F.3d 963, 968 (10th Cir. 2005), *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001), and *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). Ms. Ibarra argues that this testimony is relevant to the objective reasonableness of Deputy Lee's actions. Dkt. 68 at 17-18.

The Court concurs with Ms. Ibarra. The case law cited by Defendants precludes the introduction of evidence of less forceful alternatives, "so long as the force used by the officer is reasonable." *Mata*, 798 F. Supp. 2d at 1229. "The availability of non-lethal means tends to show that [an officer's] use of lethal force was unreasonable." *Branson v. Price*, No. 13-cv-03090-REB-NYW, 2015 WL 5562174, at *5 (D. Colo. Sept. 21, 2015).

Although law enforcement is given deference in tense, rapidly evolving situations, Ms. Ibarra has alleged that there were non-lethal means that were available to Deputy Lee, and his failure to use those was unreasonable. The Court will permit the jury to consider the options available to Deputy Lee to determine if his chosen course of action was objectively reasonable.

D

Next, Defendants seek to exclude "any references to the alleged denial of medical care after the shooting" as "irrelevant" and "unduly prejudicial." Dkt. 67 at 12. They argue both that Ms. Ibarra has abandoned her claim of a constitutional violation by failing to present any arguments regarding it in the summary judgment briefing and that "the gun shot was not survivable even with immediate medical care" and so any denial was irrelevant. *Id.*

Although the parties' joint status report does not include the original claim of a constitutional violation, the complaint in this case pleads the "failure to provide prompt medical care to the Decedent" as part of its "Negligence/Wrongful Death/Survival" claim for relief. Dkt. 2 at 24-25. This claim is present in part on the joint status report, which lists "State Law Tort Claims of False Arrest, Battery and Negligence" against both Defendants. Dkt. 106 at 1-2. The Court will reserve the question of the relevance of a denial of medical care to Ms. Ibarra's negligence claims for trial.

E

Last, Defendants move to exclude "any allegations that Defendant Rogers County 'ratified' unconstitutional conduct" on the basis that those claims have been abandoned. Dkt. 67 at 13. Much like Ms. Ibarra's *Monell* claims, there is no claim in the Joint Status Report that aligns with Rogers County "ratifying" unconstitutional conduct—the only claims that remain against Rogers County are state law tort claims subject to the Oklahoma Government Tort Claims Act. Dkt. 106 at 1-2. The allegations of ratification are therefore irrelevant to the remaining claims, and the Court will exclude them.

III

For the reasons discussed above, the Court disposes of each motion as follows:

(1) Ms. Ibarra's Motions in Limine [Dkt. 66]:

a. Denied as to the categorical exclusion of Mr. Martinez's criminal record and associated information;

b. Denied as to the categorical exclusion of Mr. Martinez's history of threats and violence;

c. Granted as to the exclusion of Rogers County Sheriff's Office, Rogers County District Attorney's Office and OSBI reports on the shooting;

d. Reserved as to the admissibility of communications between Undersheriff Sappington and Judge Pazzo;

e. Granted as to the exclusion of Mr. Martinez's tattoos from evidence, except as needed in medical expert testimony;

f. Denied as to the admissibility of Mr. Martinez's use of drugs and alcohol; and

g. Reserved as to the admissibility of the protective order and petition for a protective order.

(2) Defendants' Motions in Limine [Dkt. 67]:

a. Granted as to the exclusion of the second shooting from evidence due to the lack of an extant *Monell* claim;

b. Granted as to the exclusion of nine noted prior use of force incidents due to the lack of an extant *Monell* claim;

c. Granted as to the exclusion of photos of Mr. Martinez's children and family, and reserved as to the admissibility of a photo of Mr. Martinez;

d. Reserved as to the admissibility of portions of Deputy Lee's personnel file;

e. Granted as to the exclusion of the Rogers County Sheriff's Office policy and procedures manual due to the lack of an extant *Monell* claim;

f. Granted as to the exclusion of evidence about the Rogers County Sheriff's Office investigation of the shooting due to the lack of an extant *Monell* claim;

g. Denied as to the exclusion of testimony that there were less-lethal options available to Deputy Lee;

h. Reserved as to the exclusion of testimony about Deputy Lee's failure to provide medical care; and

i. Granted as to the exclusion of testimony that Rogers County ratified unconstitutional conduct.

For the motions denied or reserved, the Court's rulings are preliminary. The Court reminds the parties of their continued obligation to reassert evidentiary challenges at trial to preserve the challenges for appeal.

DATED this 30th day of September 2025.

JOHN D. RUSSELL
*United States District Judge*